### COUSINS v. TOLON et al.

No. 11382—Opinion Filed July 24, 1923.

Rehearing Denied Oct. 16, 1923.

1. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.

The judgment of the trial court in a suit in equity will not be disturbed on appeal unless it clearly appears to be against the weight of the evidence.

2. Same.

Record examined, and held, that it does not clearly appear that the judgment of the trial court is against the weight of the evidence.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Joseph Cousins against Clinton Tolon and others to cancel conveyances. From the judgment, both plaintiff and Tolon bring error. Affirmed.

James M. Hays and P. A. M. Hoodenpyl, for plaintiff in error.

Albertson & Blakemore, for defendants in error Sam Bright, Chas. C. Bright, and R. L. A. Steigleder.

J. C. Evans and Albertson & Blakemore, for defendant in error Clinton Tolon.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of canceling certain conveyances and instruments affecting his title to a tract of land containing 160 acres.

Although the plaintiff is a Creek freedman and the land involved was his surplus and homestead allotments, no question peculiar to Indian land titles arises in the case. The instruments assailed are a conveyance made by the plaintiff after he became of age purporting to be a warranty deed, conveying the land involved to the defendant Clinton Tolon: a warranty deed by the same parties conveying the same land, dated September 1, 1917, a warranty deed from Clinton Tolon to Sam Bright; a warranty deed from Sam Bright to Chas. C. Bright; a mortgage from Chas. C. Bright to R. L. A. Steigleder, and other instruments the nature of which it is not necessary to state in detail.

The plaintiff alleges that the conveyance of August 2nd, although a warranty deed in form, was in fact intended as a trust deed made to the defendant Tolon for the purpose of preventing designing persons from fraudulently acquiring title to plaintiff's lands upon his coming of age about the time the deed was executed; that the defendant Tolon while acting as trustee under the deed took advantage of his trust relation toward the plaintiff and by fraud and undue influence induced him to execute the second deed for a purported consideration of $2,400.

As to the Brights and Steigleder, the plaintiff alleges that they are subsequent purchasers or incumbrancers, with notice of the fraud and undue influence practiced upon him by the defendant Tolon.

The plaintiff further alleges that it was his understanding that the second instrument was executed for the purpose of conveying his interest in his 120-acre surplus allotment, and that the defendant Tolon fraudulently inserted both allotments in the deed, and that he was not aware that the deed embraced both the surplus and homestead allotments until a considerable time after its execution.

The trial court canceled the deed of Tolon in so far as it affected the plaintiff's title to the 40-acre homestead allotment, and rendered judgment in favor of the other defendants, confirming their subsequent conveyances.

The plaintiff appeals from the part of the judgment in favor of the subsequent purchasers and incumbrancers, and the defendant Tolon appeals from the part of the judgment setting aside his title to the homestead allotment.

There seems to be no serious difference of opinion between counsel touching any question of law arising out of this controversy. As we understand the contentions of the respective appellants, they may be briefly summarized as follows: .

The plaintiff contends that the judgment of the trial court in favor of the Brights and the other subsequent purchasers and incumbrancers is against the clear weight of the evidence, and Tolon contends that the judgment of the trial court setting aside his interest in the 40-acre surplus allotment is against the clear weight of the evidence.

These various contentions presenting mere questions of fact for review, no useful purpose would be subserved by setting out the evidence at length or commenting on it in detail in this opinion. It is sufficient to say that we have examined the briefs of counsel and the record before us with considerable care, and are convinced that the judgment rendered by the trial court is not against the clear weight of the evidence.

It is definitely settled by an unbroken line of decisions that the judgment of the trial court in a suit in equity will not be disturbed on appeal unless it clearly appears to be against the clear weight of the evidence.

In our judgment the trial court gave the parties a fair and impartial trial, and the conclusion reached fully meets our approval.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.